**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | * * * |
| VS. | * CR NO.: 1:06-CR-197-CSC * |
| RODERICK CHARLES MELVIN | * * * * |

**REPLY TO OBJECTION BY
UNITED STATES**

    Comes now the Defendant, Roderick Melvin, by his attorney Malcolm R. Newman, and herewith responds to the objection to the Magistrate's Recommendation filed by the United States.

    Counsel for the Defendant can cull only two relatively insignificant facts the United States deems the Magistrate Judge got wrong and thereby reached an untenable conclusion; that Mrs. Steele did in fact call the police from the Petro station (U.S. Obj. p. 6) and that Deputy Crooks <u>did</u> recall the description of the suspicious person (Id. p. 6)

    The United States has chosen to ignore Deputy Crook's testimony (Evid. Hrg. Tr. at 24) where he could not recall <u>what</u> information he was provided by the prior deputy at shift change, or, <u>if</u> that deputy even gave him any information. This fact is further solidified by Deputy Crooks to the point where there can be no open dispute (Evid. Hrg. Tr. at 25). And with regard to whether Mrs. Steele gave a description to the police when she called from the Petro station, the Court is quite correct that there is no evidence of what was reported; the U.S. would have this Court "fill in" this gap since a reasonable person would have done that. This Court correctly declined to do that.

The United States again cites the Court to language in <u>Alabama v. White</u>, 496 U.S. 325, 330, 110 S. Ct. 2412, 2416, (1990) articulating the reasonable suspicion standard. Yet, the United States seems somewhat aphasic in grasping the meaning of "totality of the circumstances" confronting Deputy Crooks. As the Court points out, he, at best, maybe had a sketchy physical description and clearly little to no personal observation on which to approach Roderick Melvin; thus warranting the result the Court reached. Crooks testified to nothing that aroused his suspicions about Melvin; only that he was directed to Melvin by someone he clearly did not know (Evid. Hrg. Tr. at 27, 28), and had no reason to credit.

## CONCLUSION

The Magistrate Judge's Ruling is both factually and legally sound and the United States' Objection should be denied.

Respectfully submitted,

/s/ Malcolm R. Newman
Malcolm R. Newman (NEW017)
P.O. Box 6137
Dothan, Alabama 36302
(334)792-2132
ASB-2826-M39M

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2006, I electronically filed the forgoing with the Clerk of the Court using the SM/ECF System which will send notification of such filing to Leura G. Canary, U.S. Attorney and Tommie Brown Hardwick, Assistant U.S. Attorney.

/s/ Malcolm R. Newman
Malcolm R. Newman